# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| wedi Corp., | Case No. 2:23-cv-01969-CDS-BNW |
| Plaintiff | **Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss and Ordering Plaintiff to Show Cause** |
| v. | |
| Hydroblok Grand International Ltd., et al., | [ECF Nos. 127, 128] |
| Defendants | |

This is a case between plaintiff/counterdefendant wedi corporation and defendants/counterclaimants Hydroblok Grand International Ltd. d/b/a Hydroblok Grand Canada, Hydroblok Grand International Inc. d/b/a Hydroblok Grand Nevada, and Hydro-Blok USA LLC (collectively "defendants") in which wedi seeks to recover from defendants for (1) alleged violations of the Lanham Act (15 U.S.C. § 1125) and (2) violations of NRS 41.600, which addresses consumer fraud. Compl., ECF No. 1 at 11–12. Before the court are two motions filed by wedi. The first is a motion to dismiss the two counterclaims asserted by defendants. Mot. to dismiss, ECF No. 127 (sealed); ECF No. 128 (unsealed). The second is a motion for partial summary judgment on defendants' affirmative defenses to plaintiff's original complaint. ECF No. 134. Both motions have been fully briefed.[1] For the reasons stated below, I grant wedi's motion to dismiss as to the abuse of process counterclaim and deny wedi's motion to dismiss as to the breach of contract claim. I defer ruling on summary judgment and order wedi to show cause as detailed below.

---

[1] Resp. to mot. to dismiss, ECF No. 129 (unsealed); ECF No. 130 (sealed); Reply re: mot. to dismiss, ECF No. 132 (unsealed); ECF No. 133 (sealed); Resp. to mot. for partial sum. j., ECF No. 135; Reply re: mot. for partial sum. j., ECF No. 136.

I.      **Background**

These motions are a continuation of over nine years of litigation between these and related parties. In April 2015, Hydro-Blok USA sought declaratory judgment against wedi over patent infringement in the Western District of Washington. *Hydro-Blok USA LLC v wedi GmbH, et al.*, Case No. 2:15-cv-00615 (W.D. Wash. April 17, 2015) ("the '615 action"). wedi filed its own suit in the Western District of Washington against Brian Wright, owner of Hydro-Blok USA LLC; Sound Product Sales L.L.C. (another company owned by Wright); and Hydro-Blok USA LLC.[2] Case No. 2:15-cv-00671, ECF No. 1 (W.D. Wash.) ("the '671 action"). Hydro-Blok USA ultimately voluntarily dismissed the '615 action. Am. answer & counterclaim, ECF No. 125 at 47. After years of litigation and an appeal to the Ninth Circuit, on August 16, 2021, wedi voluntarily dismissed with prejudice its remaining claims in the '671 action. '671 action, ECF No. 360.

wedi filed the present lawsuit in March 2022. Compl., ECF No. 1. It asserts two causes of action: false advertising and deceptive trade practices under federal and state law concerning the offer and sale by defendants of waterproof shower system products. *Id.* This case was transferred to the Western District of Washington considering the extensive litigation between wedi and those involved in Hydroblok that occurred there. ECF No. 44. Following the transfer, defendants filed their answer and a counterclaim. ECF No. 56. The district court in Washington ultimately renoted this case and it was returned to me on May 19, 2023. ECF No. 68. Following wedi's motion to dismiss the counterclaim, defendants filed an amended answer and counterclaim. ECF No. 125. The claims in defendants' amended counterclaim are for abuse of process and breach of contract.

wedi filed a motion to dismiss the counterclaim (ECF No. 127 and ECF No. 128) and a motion for partial summary judgment on the defendants' affirmative defenses related to wedi's claims (ECF No. 134).

---

[2] Over time Hydroblok International Ltd. also became involved in the litigation.

## II.     Discussion

### A.  wedi's motion to dismiss defendants' counterclaims

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

### 1.  Defendants have not sufficiently alleged an abuse of process claim.

Defendants first allege that wedi has abused the legal process by filing and maintaining this lawsuit against Hydro-blok USA. Am. answer & counterclaim, ECF No. 125 at 55–58. To sufficiently plead a claim for abuse of process, the claimant must establish: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Posadas v. City of Reno*, 851 P.2d 438, 444–45 (Nev. 1993).

### a.  Defendants sufficiently allege an ulterior purpose.

Defendants make several contentions about wedi's supposed ulterior purpose in bringing this lawsuit. They argue first that wedi is using this lawsuit "to perpetuate a personal vendetta against Mr. Brian Wright (owner of Hydro-Blok USA, LLC) and his business associates competing in the same marketplace as wedi." ECF No. 125 at 56. They cite to several 2015 emails involved in the '671 action in which wedi's Director and Vice President of Marketing & Sales stated, "we must . . . pursue to eliminate Hydroblok as a threat to wedi altogether by using the lagal [sic] pressure we have now put on [Brian Wright]" and then addressing contingencies "[s]hould the legal litigation not take out HB [Hydro-blok] entirely." '671 action, Am. answer & counterclaims, ECF No. 65 at 28. Defendants separately allege that wedi has been using the pendency of this lawsuit to "represent[ ] to customers and potential customers of Defendants that Defendants are less than ideal business partners and/or suppliers at least in part because of the existence of this lawsuit." ECF No. 125 at 57.

In its motion, wedi argues that defendants' allegations on "information and belief" are insufficient to state a plausible claim for relief. ECF No. 128 at 5–6 (citing *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 927 (9th Cir. 2013) (conclusory allegations based on "information and belief" are insufficient to state a claim for relief)). It buries discussion of the 2015 emails in a footnote, emphasizing that there was only "a single email" and focusing the discussion on Wright, when "a 2017 arbitration award in wedi's favor f[ound] Wright impermissibly shared

wedi's confidential information with Hydroblok International, Ltd." *Id.* at 6 n.1 (quoting '671 action, ECF No. 65, Ex. 9 ("Wright undisputedly shared . . . certain confidential information he acquired while serving as a sales agent for wedi, including financial data and customer lists")). wedi further emphasizes that it has been nine years since the email was sent. *Id.*; *see also* Reply, ECF No. 132 at 4.

The content of these emails, of which there are allegedly at least two,[3] serves as a sufficient allegation of an ulterior purpose to survive a motion to dismiss on this issue. These emails are from nine years ago, but litigation between wedi and Hydroblok (and its related individuals and entities) has been ongoing since that time. The email that mentions the desire to "take out" Hydroblok, seemingly at least in part through litigation, combined with nine nearly non-stop years of litigation presents this court with a plausible basis to find that wedi's litigation is premised on an ulterior motive. I also note that wedi's contention that "Wright even raised that very same email in an unsuccessful abuse of process claim against wedi in the 671 Case, which claim was dismissed with prejudice" is disingenuous. *See* ECF No. 132 at 4 (citing '671 action, Min. order, ECF No. 294). In that order, the court dismissed Wright's abuse of process claim after Wright "indicated in writing . . . that proving the abuse of process claim has 'become cost prohibitive' and that the claim will not be pursued at trial." '671 action, ECF No. 294 at 1–2. That Wright's abuse of process claim was dismissed with prejudice has nothing whatsoever to do with the merits of an ulterior purpose argument based on one of the 2015 emails, and wedi is cautioned that future misrepresentations to the court may be subject to sanctions. *See Progressive Games, Inc. v. Shuffle Master, Inc.*, 69 F. Supp. 2d 1276, 1281 n.1 (D. Nev. 1999) ("[u]nder Federal Rule of Civil Procedure 11, a district court may sanction a party for arguments

---

[3] The filing in the '671 case to which defendants reference describes an April 22, 2015 email regarding Wright and an April 27, 2015 email that discusses contingencies "[s]hould the legal litigation not take out HB [Hydro-Blok] entirely." '671 action, Am. answer & counterclaims, ECF No. 65 at 28.

without reasonable foundation in fact or law"). Therefore, I find that defendants have sufficiently pled facts to establish that wedi had an ulterior purpose in pursuing this litigation.[4]

> ### b. *Defendants do not sufficiently allege that wedi has committed a willful and improper act during the conduct of this proceeding.*

Under Nevada law, alleging an ulterior purpose is not enough, the claimant must allege facts plausibly indicating how the defendant willfully misused legal process to further the improper purpose. *See Land Baron Inv. v. Bonnie Springs Fam. LP*, 356 P.3d 511, 519 (Nev. 2015) ("the claimant must provide facts, rather than conjecture, showing that the party intended to use the legal process to further an ulterior purpose."). Courts applying Nevada law have consistently held that the mere filing of a complaint is insufficient to establish abuse of process. *InjuryLoans.com, LLC v. Buenrostro*, 529 F. Supp. 3d 1178, 1189 (D. Nev. 2021); *Laxalt v. McClatchy*, 622 F. Supp. 737, 752 (D. Nev. 1985); *see Ging v. Showtime Ent., Inc.*, 570 F. Supp. 1080, 1083 (D. Nev. 1983) (finding that, under Nevada law, the initiation of a lawsuit does not constitute the tortious act required as one of the elements of abuse of process); *Rashidi v. Albright*, 818 F. Supp. 1354, 1358–59 (D. Nev. 1993) (same); *Bricklayers & Allied Craftsmen, Local Union No. 3 v. Masonry and Tile Contractors Ass'n of S. Nevada*, 1990 WL 270784, at *9 (D. Nev. July 2, 1990) ("Plaintiffs must include some allegation of abusive measures taken after the filing of the complaint in order to state a claim.").

In their counterclaim, defendants allege three willful and improper acts: (1) that wedi commenced this action "despite knowing that it had a full and fair opportunity to litigate its False Advertising claims raised herein part of the '671 Action"; (2) that wedi has refused to withdraw its complaint after being told by defendants that it was baseless; and (3) that wedi attempted to impose "costly, unnecessary, and improper discovery obligations" previously denied in the '671 action. ECF No. 125 at 55–56.

---

[4] Because I find that these allegations are sufficient, I do not address whether defendants' alternative theory—that wedi is using this lawsuit to cast Hydroblok in a negative light to its customers and potential customers—is pled in a manner sufficient to survive the motion to dismiss.

None of these are willful or improper uses of the legal process under Nevada law. Commencing an action is not considered an improper use of the legal process, even if the action is frivolous. *See, e.g., InjuryLoans.com*, 529 F. Supp. 3d at 1189; *Dubric v. A Cab LLC*, 2016 WL 1449605, at *4 (D. Nev. Apr. 12, 2016) (finding abuse of process claim could not survive a motion to dismiss where nonmovant "made no allegations of abuse of the legal process other than the mere filing of various allegedly frivolous complaints"). As to wedi's supposed refusal to withdraw its complaint, this argument by defendants is nothing more than a clever attempt to make an end-run around the above rule regarding complaints. A party's refusal to withdraw a suit is no more an improper use of the legal process than is the filing of a complaint, even if frivolous, harassing, or otherwise defective. The allegation that wedi has attempted to impose burdensome discovery obligations on defendants likewise is insufficient to support an abuse of process claim. Making discovery requests is not improper in the regular conduct of the proceeding. *Posadas*, 851 P.2d at 445. That is because discovery, generally speaking, is not a process of the court. *See McCart-Pollak v. On Demand Direct Response LLC*, 2022 WL 6200115, at *5 (D. Nev. Oct. 6, 2022) ("Plaintiff alleges Defendant Meyers engaged in spoliation and concealed documents from the Court. However, this conduct does not constitute a "process" of the Court."); *see also Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 907 (E.D. Cal. 2006) (finding that plaintiff's assertion that defendants committed spoliation and concealed evidence suggest at most "a violation of civil discovery rules" which "on its own, does not constitute abuse of process"). For these reasons, I find that defendants have not sufficiently alleged their abuse of process claim and therefore wedi's motion to dismiss as to this counterclaim is granted.

### 2. *Defendants have sufficiently pled their breach of contract counterclaim.*

The second part of defendants' counterclaim wedi seeks to dismiss is the breach of contract claim. This claim arises out of a settlement agreement from the '671 action between

wedi, Hydro-Blok USA LLC, and Hydroblock International Ltd. signed on December 5, 2019. ECF No. 124 at 58.[5] In that settlement agreement, the parties agreed:

> Except as expressly reserved below in paragraph D, each individual party bestows to all other parties a covenant not to sue/arbitrate (or otherwise litigate or pursue) any claim/causes of action/appeals/possible appeals, that are known or should have been known, as of today's date, December 5th, 2019.

ECF No. 124-1 (sealed), Dec. 5, 2019 Hr'g tr. at 7–8.[6] In paragraph D, wedi preserved "its right to appeal the District Court's summary judgment rulings with respect to its claims under the Washington Consumer Protection Act and the Lanham Act pertaining to false advertising, and to pursue any subsequent litigation that may be permitted as a result of that appeal[.]" *Id.* at 9. In their counterclaim, defendants state that "wedi's operative complaint in this Action is explicitly predicated on [defendants'] "ICC-ES certified" claims that are alleged to constitute 'false advertising statements [that] have been made continually since at least 2018 through today'" and "wedi knew of these statements prior to December 5, 2019." ECF No. 124 (sealed) at 59.

In its motion to dismiss, wedi argues that defendants fail to state a claim for breach of contract because defendants allege only that wedi knew of the "ICC-ES certified" statements prior to December 5, 2019, not that wedi knew or should have known by that date that the statements were *false*. ECF No. 127 (sealed) at 9 (citing ECF No. 124 at 59). I disagree.

In the defendants' counterclaim, they cite to a filing by wedi in the '671 action in which wedi alleged that "Wright et al.'s current '**HYDRO-BLOK products are ICC-ES tested and certified' claim is also literally false . . . .**" ECF No. 124 at 47 (quoting '671 action, wedi suppl. brief in opp'n to mot. for summ. j., ECF No. 255 at 5–6 (emphasis in original)). Not until its reply

---

[5] Because discussion about the settlement agreement is redacted in the unsealed version of the amended answer (ECF No. 125), I will cite to the sealed version (ECF No. 124) in this section. The filing at ECF No. 124 is mislabeled, but is an unredacted, sealed version of the defendants' answer and counterclaim.

[6] The breach of contract counterclaim is premised on information redacted in the parties' unsealed filings. However, it is not possible for me to address and decide this issue without discussing the content of these filings in my order. Should the parties wish to seal this order, they must file a motion meeting the appropriate standard for my consideration within seven days of this order. They must contemporaneously file a motion to seal the related filings.

does wedi argue vehemently that this statement relates to a different claim in the '671 case and that wedi was only aware about the *testing* being false, not the certification. ECF No. 133 at 8–9.

A complaint is read as a whole. *See, e.g., Skidmore Energy, Inc. v. Mediholding S.A.*, 2006 WL 8439243, at *2 (C.D. Cal. Jan. 5, 2006) ("The Court does not view the allegations in the [First Amended Complaint] in isolation; rather, the Court must read the complaint as a whole.") Here, defendants have clearly pointed to an allegation made by wedi itself months before the settlement agreement was made that the statement that Hydroblock's products are "ICC-ES tested and certified" was **literally false**. Even though it is in a different part of the counterclaim than the breach of contract claim, that fact is not enough to support the complaint's dismissal. In its motion, wedi fails to explain how its own brief does not, at the very least, plausibly put it on notice that the statement was false.

I also note that wedi accuses defendants of introducing new arguments in their response (ECF No. 133 at 9) when it also offers new justifications—including an argument attempting to distinguish its knowledge about the testing with its knowledge about the certification—in its reply. *See United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993) ("[A] party may not make new arguments in the reply brief."); *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("The general rule is that appellants cannot raise a new issue for the first time in their reply briefs." (internal quotation marks omitted)). Therefore, I find that defendants have sufficiently alleged that wedi knew of the false advertising claim at the time of the parties' settlement agreement in the '671 action.[7] Therefore, wedi's motion to dismiss the breach of contract counterclaim is denied.

## B.  Previous opportunity to litigate

Defendants raise several affirmative defenses that wedi seeks to have resolved with a motion for summary judgment. ECF No. 134. In reviewing the parties' arguments, I am unable to make conclusive determinations until a threshold question is answered: why did wedi not

---

[7] Because I find that defendants have sufficiently alleged that wedi knew about the claim, I need not address the "should have known" question.

1  pursue the "ICC-ES certified" question in the prior litigation when it was seeking resolution on

2  the "ICC-ES tested" question before the issue was ultimately dismissed with prejudice? It was

3  wedi that sought dismissal—with prejudice—of its own prior action. '671 action, ECF No. 360;

4  '671 action, ECF No. 369.

5          When I transferred the present dispute, I stated:

6          To the extent that wedi failed to assert certain claims in the prior action and now
           attempts to assert them, I find that wedi should have brought those claims earlier.
7          "A plaintiff is required to bring at one time all of the claims against a party or privies
           relating to the same transaction or event." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d
8          684, 692 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880
           (2008).
9

10 ECF No. 43 at 5. wedi has yet to demonstrate why it failed to assert these claims in the prior

11 action.

12          Rule 56 provides that after giving parties notice and a reasonable time to respond, a court

13 may "consider summary judgment on its own after identifying for the parties material facts that

14 may not genuinely be in dispute." Fed. R. Civ. P. 56(f)(3); *see Hybrid Int'l, LLC v. Scotia Int'l of*

15 *Nevada, Inc.*, 2022 U.S. Dist. LEXIS 210406, at *5–6 (D. Nev. Nov. 21, 2022). If wedi is unable to

16 adequately explain why it did not address the "ICC-ES certified" question in the Washington

17 case, I will consider whether summary judgment on its claims is in order. wedi is therefore

18 ordered to show cause why it did not have an opportunity to litigate this issue in the Western

19 District of Washington. Defendants will have the opportunity to respond.

20 **III.    Conclusion**

21          IT IS THEREFORE ORDERED that wedi's motion to dismiss defendants' counterclaim

22 **[ECF Nos. 127, 128] is granted in part and denied in part**.

23          IT IS FURTHER ORDERED that wedi must file a brief showing cause as set forth in this

24 order by November 18, 2024. Defendants' response is due November 25, 2024.

25          Dated: November 7, 2024

26                                          _____
                                            Cristina D. Silva
                                            United States District Judge