UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| wedi Corp., | Case No. 2:23-cv-01969-CDS-MDC |
| Plaintiff | **Order Granting in Part Plaintiff's Motion for Partial Summary Judgment** |
| v. | |
| Hydroblok Grand International Ltd., et al., | [ECF Nos. 134, 141, 151, 160] |
| Defendants | |

This appears to be a never-ending case between plaintiff/counterdefendant wedi corporation and defendants/counterclaimants Hydroblok Grand International Ltd. d/b/a Hydroblok Grand Canada ("Grand Canada"), Hydroblok Grand International Inc. d/b/a Hydroblok Grand Nevada ("Grand Nevada"), and Hydro-Blok USA LLC (collectively "defendants") in which wedi seeks to recover from defendants for (1) alleged violations of the Lanham Act (15 U.S.C. § 1125) and (2) violations of Nevada Revised Statute 41.600, which addresses consumer fraud. Compl., ECF No. 1 at 11–12. In their amended counterclaim, defendants allege a breach of contract relating to a settlement agreement signed between wedi and several defendants—including Hydro-Blok USA—in a prior lawsuit. Am. answer & countercl., ECF No. 125 at 58–60.[1]

Before the court is wedi's motion for partial summary judgment on defendants' affirmative defenses to wedi's complaint. ECF No. 134. This motion has been fully briefed.[2] Following the court's order for supplemental briefing, defendants also request the court use its "inherent power to grant summary judgment to dismiss the present action in its entirety." ECF No. 141 at 3.

---

[1] I disposed of defendants' counterclaim for abuse of process in a prior order. *See* ECF No. 138 at 4–7.
[2] Resp. to mot. for partial sum. j., ECF No. 135; Reply re: mot. for partial summ. j., ECF No. 136.

In a previous order, I found that, even when read in the light most favorable to it, wedi knew or should have known that it could bring a claim against Hydroblok for false advertising that its products were "ICC-ES certified" at the time wedi entered into a settlement agreement with the defendants in a prior iteration of this case. Order, ECF No. 149. Therefore, as stated further below, because Hydro-Blok USA was a signatory to this earlier agreement, I grant summary judgment on wedi's claim against it.

However, two of the defendants—Grand Canada and Grand Nevada—were not signatories to that prior settlement agreement. *See id.* at 27. I ordered the parties to provide supplemental briefing on this issue to determine whether these non-signatory defendants could enforce the agreement's terms, thereby mooting wedi's pending motion for partial summary judgment. *Id.* Both parties submitted supplements. *See* ECF No. 150; ECF No. 156.[3] Because I find that, based on the evidence presented in the light most favorable to wedi, neither Grand Canada nor Grand Nevada are successors in interest to Hydroblok International Ltd. ("Hydroblok International") or any other signatory of the '671 action settlement agreement, they may not enforce its terms. Therefore, I must analyze wedi's motion for partial summary judgment as to defendants Grand Canada and Grand Nevada. As to the issue preclusion affirmative defense, because I find that this issue was not actually litigated and decided in the prior litigation, I grant

---

[3] Defendants also filed a motion to strike portions of wedi's supplement. ECF No. 160. They argue that wedi's supplement violates Federal Rule of Civil Procedure 44.1 because it relies on Canadian law. ECF No. 160 at 1–2. Specifically, under Rule 44.1, a "party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing" and wedi did not do so. *Id.* (quoting Fed. R. Civ. P. 44.1. They also argue that the settlement agreement is subject to U.S. law, having been "between mostly U.S. domestic companies engaged in U.S. litigation that involved purely laws of the U.S. and its states." *Id.* at 2. wedi responded to the motion. ECF No. 161. This motion is granted in part. Specifically, the citation to Canadian cases and Canadian law appear to be in violation of Rule 44.1. However, I deny the motion as to the discussion of Hydroblok International and Grand Canada being separate corporations based on previous filings in this case, because those filings do not represent an "issue about a foreign country's law" but are merely documentary evidence of the companies' incorporation. ECF No. 32-22. Additionally, these incorporation documents were filed as exhibits in July 2022 and defendants never objected to them prior. Thus, the motion is granted in part. Nonetheless, even striking the portions of wedi's supplement that address international law, I still find that, in the light most favorable to wedi, Grand Canada and Grand Nevada were not successors to the signatories of the settlement agreement and therefore summary judgment is not warranted.

wedi's motion for partial summary judgment. As to the claim preclusion affirmative defense, because the claims in this case had not accrued at the time the operative complaint was filed in the previous action, I grant wedi's motion for partial summary judgment. However, because wedi did not present argument on defendants' judicial estoppel and equitable estoppel affirmative defenses, wedi's motion is denied as to these defenses.

I.    Background

I incorporate by reference the background of this case as set out in my prior order regarding the summary judgment motions. ECF No. 149 at 2–14. Each party responded to my order for additional briefing on the issue of whether Grand Canada and Grand Nevada, despite not being parties to the settlement agreement, can enforce its terms.

II.    Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

To show cause, I explained that under Rule 56, the court is also empowered to "consider summary judgment on its own after identifying for the parties material facts that may not genuinely be in dispute." Fed. R. Civ. P. 56(f)(3); *see Hybrid Int'l, LLC v. Scotia Int'l of Nevada, Inc.*, 2022 U.S. Dist. LEXIS 210406, at *5–6 (D. Nev. Nov. 21, 2022).

## III. Discussion

As discussed at length in my order requiring additional briefing (ECF No. 149), in light of the '671 action settlement agreement, wedi knew or should have known of a potential claim regarding the "ICC-ES certified" question by the time the agreement was signed in December 2019. Because Hydro-Blok USA was a party to that settlement agreement, I grant summary judgment on wedi's claims against Hydro-Blok USA and dismiss Hydro-Blok USA from this lawsuit. Any further mention of "defendants" refers only to Grand Nevada and Grand Canada.

### A. There is a genuine dispute of material fact as to whether defendants were successors to Hydroblok International

Also discussed in the prior order, the remaining two defendants—Grand Canada and Grand Nevada—were not parties to the settlement agreement. The parties to the settlement agreement were wedi, Hydro-Blok USA, Brian Wright, Sound Product Sales, LLC, Seattle Glass Block Window, Inc., and Hydroblok International, Ltd. ECF No. 124-1 at 7. After supplemental briefing from both parties, I find that, in the light most favorable to wedi, there is a dispute of material fact as to whether Grand Canada and Grand Nevada were successors to Hydroblok International, Ltd. Thus, I deny defendants' summary judgment request.

Defendants argue in their supplement that Grand Canada and Grand Nevada are successors to Hydroblok International. ECF No. 150 at 2. They specifically aver that in 2017, Hydroblok International "underwent an amalgamation with the manufacturer of the Hydro-Blok products to create a new Canadian entity, [Grand] Canada" and Grand Canada took over Hydroblok International's business of selling Hydro-Blok products. *Id.* (citing Koch decl., ECF

No. 154 at ¶ 6; Share purchase agreement, ECF No. 153 (sealed)[4]). Further, "[i]n June 2019, [Grand] Nevada was incorporated and, in July 2019, acquired all of [Hydroblok International]'s ownership interest in [Grand] Canada through a share purchase agreement." *Id.* (citing ECF No. 153 (sealed)). Thus, they argue that each of the two entities serves as successor to Hydroblok International. *Id.* at 4–5 (citing 15 Fletcher Cyc. of Corp. § 7090 (2024) ("The surviving or consolidated corporation generally succeeds to the rights and liabilities under contracts of the constituent or consolidating corporations without any formal assignment."), *Unisource Worldwide, Inc. v. Carrara*, 244 F. Supp. 2d 977, 982 (C.D. Ill. 2003), among others). Defendants then cite to a Connecticut Supreme Court case to argue that the successors have the right to enforce the settlement agreement. *Id.* at 5–6 (citing *Robbins v. Physicians for Women's Health, LLC*, 90 A.3d 925, 931 (Conn. 2014)).

      wedi argues in its supplement that Grand Canada cannot be a successor to Hydroblok International because, at least as of 2022, both companies were active and separate corporations. ECF No. 156 at 5 (citing ECF No. 31 at 19). As of April 5, 2022, Hydroblok International listed its address at "21415 76 AVENUE, LANGLEY BC V2Y 2E8, CANADA" and the listed director, secretary, and president was Ken Koch. *Id.* (citing ECF No. 32-22 at 2). By comparison, on that same date, Grand Canada listed its address at "621 - 550 WEST BROADWAY, VANCOUVER BC V5Z 0E9, CANADA" and the listed directors were Zhongsheng Chen and Longcheng Yang. *Id.* (citing ECF No. 32-22 at 4–5). Further, at the time this litigation was transferred to the Western District of Washington before District Judge Thomas Zilly, when presented with arguments that Grand Canada was a successor to Hydroblok International, and Grand Canada was a wholly owned subsidiary of Grand Nevada, the district judge disagreed. ECF No. 68 at 3 n.4. As explained by District Judge Zilly:

> The parties agree that Hydro-Blok was a party to the earlier actions, but they dispute whether Hydroblok Grand is a successor to Hydroblok International Ltd., which was also a party in the previous cases. wedi has submitted British Columbia

---

[4] Finding good cause, I grant defendants' motion to seal their filing at ECF No. 153. *See* ECF No. 151.

Registry Services summaries that suggest both Hydroblok Grand and Hydroblok International Ltd. were active as of April 5, 2022, and therefore do not have a successor-predecessor relationship. *See* wedi's Ex. 22 (docket no. 32-22). In contrast, defendants rely on deposition testimony indicating that Hydroblok International Ltd. stopped selling Hydroblok products on November 1, 2017, when they "made the amalgamation with the factory with the new company," and that the "factory has part ownership now in Hydroblok Grand." *See* Koch Dep. at 39:11–40:6, Ex. D to Whitaker Decl. (docket no. 63-4). This testimony by Kenny Koch, who claims to own a majority (51%) share of Hydroblok Grand, *id.* at 37:18–21, is inconsistent with defendants' Corrected Corporate Disclosure Statement ("Corp. Discl. Stmt."), docket no. 61, which represents that Hydroblok Grand is a wholly-owned subsidiary of Hydroblok–Nevada.

*Id.* wedi then argues that there is not sufficient evidence in the record to show amalgamation or merger of any of the companies under Canadian law. ECF No. 156 at 6. It also argues that the parties to the settlement agreement could have agreed, but did not, in fact, agree "that the duties and obligations of any party would inure to the benefit of any other party's successors or assigns, nor did the parties otherwise agree that the provisions of the Settlement Agreement would be applicable to, or enforceable by, any other person not a party to the Agreement." *Id.* at 2–4.

Based on the briefing of the parties, I find that wedi has raised a genuine dispute of material fact as to whether Grand Canada and Grand Nevada are successors to Hydroblok International. Defendants' evidence includes a July 2019 share purchase agreement in which Kenny Koch's Hydroblok Enterprises Ltd., the owner of forty-nine percent of Grand Canada's outstanding shares, sold its shares to Grand Nevada, which at the time already owned the remaining fifty-one percent of shares. ECF No. 153 at 2 (sealed). Hydroblok Enterprises Ltd. changed its name to "Hydroblok International Ltd." in 2014. ECF No. 154 at 6. The remaining evidence provided by defendants is the self-serving deposition testimony of Koch referenced previously in Judge Zilly's order. This evidence makes clear that Grand Nevada, Grand Canada, and Hydroblok International are all connected to each other. However, it is not enough for me to conclude—reading the facts most favorably for wedi—that Grand Nevada and Grand Canada are successors to Hydroblok International. wedi's evidence that both Grand Canada and Hydroblok International continued to maintain business licenses simultaneously and long after

the '671 action parties entered into their settlement agreement, is enough, at this juncture, to defeat summary judgment on whether Grand Nevada and Grand Canada were, in fact, successors to Hydroblok International.

Because I find there is a dispute of material fact as to whether Grand Canada and Grand Nevada are successors to Hydroblok International, I do not address the parties' argument about whether the settlement agreement contemplated successors. This is because even if the agreement did contemplate successors, there remains sufficient factual dispute as to whether Grand Canada and/or Grand Nevada were successors to Hydroblok International such that summary judgment is not warranted on this ground alone. Therefore, Grand Canada and Grand Nevada are not entitled to summary judgment as to wedi's claims.

> **B. wedi is entitled to summary judgment on defendants' issue preclusion affirmative defense.**

Having now finally addressed the parties' relationship in reference to the settlement agreement, I can turn to the actual motion at hand—wedi's motion for partial summary judgment on defendants Grand Canada and Grand Nevada's affirmative defenses. wedi argues that, even read in the light most favorable to defendants, there is no dispute of material fact as to defendants' issue preclusion affirmative defense. I agree.

The preclusive effect of a judgment in federal court is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Issue preclusion, also known as collateral estoppel, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040–41 (9th Cir. 2017) (quoting *Taylor*, 553 U.S. at 892). The party asserting collateral estoppel "bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992). "It is not enough that the party introduce the decision of the prior court; rather, the party must introduce a sufficient record of the prior proceeding to

enable the trial court to pinpoint the exact issues previously litigated." *Id.* (quoting *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979)).

To collaterally estop wedi from litigating these issues, defendants must show that "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012) (citations omitted), *as amended* (May 3, 2012); *see also Clark*, 966 F.2d at 1320 ("[T]he determination of the [identical] issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action."). Viewing the facts in light most favorable to the defendants, I find that this issue was not actually litigated and decided in prior proceedings. Because I come to this conclusion, I do not address the other factors.

In the '671 action, wedi claimed that Hydroblok and Wright were advertising falsehoods. ECF No. 1 in '671 action. However, wedi initially predicated these false advertising claims on what they regarded as false claims of IAPMO certification. *Id.* In a deposition taken in 2019, several years into the lawsuit, wedi learned that Hydroblok was no longer advertising IAPMO certification and had begun instead advertising that "Hydro-Blok products are ICC-ES tested and certified" beginning sometime in 2018. ECF No. 255 in '671 action at 8–9. In their March 18, 2019 supplemental brief in opposition to defendants' motion for summary judgment in the '671 action on the false advertising claim, wedi claimed for the first time that this statement— "Hydro-Blok products are ICC-ES tested and certified"—was "literally false for the simple fact that . . . the ICC-ES never actually tested any of Hydroblok's products (the ICC-ES certification is based on the same test reports as were Hydroblok's IAPMO Certifications)." *Id.* at 9.

Relevant to the ICC-ES false advertising claim, the Western District of Washington court held as follows:

> wedi, however, raises the same complaint about ICC certification that it made about IAPMO certification, arguing that, because ICC Evaluation Service did not independently test the HYDRO-BLOK products, but instead relied on IAPMO

8

> R&T's reports . . . , the certification does not relate to products currently on the market, and any statements about ICC certification are literally false. For the reasons outlined earlier, wedi's allegation of literal falsity lacks merit, as does any suggestion that a representation about a certification actually issued is somehow misleading. wedi's dissatisfaction with the process for certifying HYDRO-BLOK products is more appropriately raised with ICC Evaluation Service or the ICC. . . . wedi's challenge to the method by which certification was granted does not form a basis for a false advertising claim under the Lanham Act or the CPA.

ECF No. 260 in '671 action at 19–20. In March 2021, the Ninth Circuit issued a memorandum affirming the Washington court's grant of summary judgment on wedi's claims regarding the IAPMO certification advertising but reversed on the ICC-ES claim:

> Finally, the district court erred when granting summary judgment in favor of HydroBlok with respect to the ICC-ES Statement. A material question of fact exists as to whether Hydro-Blok's products were tested by ICC-ES because Plaintiff presented evidence that ICC-ES did not request product samples from Hydro-Blok to test, but rather relied upon IAPMO's tests. A legitimate claim could be made that no testing of Hydro-Blok products was conducted by ICC-ES. *See Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1121 (9th Cir. 2021) (explaining that an "actionable statement is a specific and measurable claim, capable of being proved false") (internal quotation marks omitted). Therefore, we reverse the district court's entry of summary judgment in favor of Hydro-Blok with respect to this claim.

'671 action Ninth Cir. memo, ECF No. 134-1 at 176–77. On remand, the Washington court denied wedi's motion to reopen discovery for the scheduled trial, stating that the only remaining issue to be decided was the truth or falsity of the "ICC-ES tested" statement. '671 action, ECF No. 345 at 2. wedi then moved to voluntarily dismiss its claim in August 2021, and the court granted the motion the following month. ECF No. 360 in '671 action; ECF No. 369 in '671 action.

Defendants argue that "the issue of whether the ICC-ES Certified Statement is false was previously litigated and decided at least *twice*." ECF No. 135 at 20 (emphasis in original). Their first example is a portion of the Western District of Washington court's order granting '671 action defendants' motion for summary judgment. *Id.* Consistent with my prior findings in this case, the only issue raised to the '671 action district judge on '671 defendants' motion for summary judgment was the "ICC-ES tested" question, not the "ICC-ES certified" question. *See*

9

ECF No. 149 at 22 ("Mar. 22, 2019 — wedi files a supplemental brief in support of its opposition to summary judgment in the '671 action arguing that the new 'ICC-ES tested and certified' advertisement was literally false because the ICC-ES **had not tested the Hydroblok products** but instead relied 'on the same test reports as were Hydroblok's IAPMO Certifications[.]'" (quoting wedi's '671 action suppl. opp. to mot. for summ. j., ECF No. 134-1 at 140–41) (emphasis added)). This issue was reversed by the Ninth Circuit, so defendants' citation to it is especially confusing. The "ICC-ES certified" false advertising question was neither litigated nor decided at this time.

Defendants' second example is the order from the same judge after the action came back from the Ninth Circuit in which he denied wedi's motion to reopen discovery on the "ICC-ES certified" question. ECF No. 135 at 21. Instead of appealing, defendants argue that wedi's choice to voluntarily dismiss its claims in the '671 action made it so these claims were not only actually litigated but decided. *Id.* However, the judge never decided the merits of the issue, rejecting wedi's argument, because he determined that the only issue for consideration following reversal by the Ninth Circuit was the "ICC-ES tested" question. *See* ECF No. 134-1 at 200–01. Although the issue was raised, it was neither actually litigated nor decided. Further, "[a] voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually litigate any issue." *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002). Thus, even viewing the facts in the light most favorable to defendants, because the "ICC-ES certified" question was not actually litigated, I grant wedi summary judgment on defendants' issue preclusion affirmative defense.

**C.  wedi is entitled to summary judgment on defendants' claim preclusion affirmative defense.**

wedi argues that summary judgment should be granted on defendants' claim preclusion affirmative defense. Claim preclusion bars a party in successive litigation from pursuing claims that "were raised or could have been raised in [a] prior action." *Owens v. Kaiser Found. Health Plan,*

*Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003) (claim preclusion "bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action . . . . It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought" (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998)). If the '671 action "(1) involved the same 'claim' or cause of action as [the present action], (2) reached a final judgment on the merits, and (3) involved identical parties or privies," then claim preclusion bars wedi's current claims. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)). It is defendants' burden to establish that claim preclusion applies. *Taylor*, 553 U.S. at 906–07. But here, as the moving party, wedi is tasked with demonstrating that there is no genuine dispute of material fact in arguing that defendants cannot raise the claim preclusion affirmative defense.

In evaluating whether a claim represents the "same claim or cause of action" as was brought in prior litigation, a court must consider "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo*, 430 F.3d at 987 (citing *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003)). These criteria are not applied "mechanistically." *Id.*

With respect to the common-nucleus criterion, courts are instructed to use a "transaction test to determine whether . . . two suits share a common nucleus of operative fact." *Id.* (citing *Int'l Union of Operating Eng'rs-Emps. Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429–30 (9th Cir. 1993)). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could

11

conveniently be tried together." *Id.* (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)); *see also Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1027 (9th Cir. 2019) (citing Restatement (Second) of Judgments § 24 (1982) ("What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.")).

"We are most concerned with the facts or events from which the alleged harms arose." *Media Rights Techs.*, 922 F.3d at 1027. "If the harm[s] arose at the same time, then there was no reason why the plaintiff could not have brought [both] claim[s] in the first action. The plaintiff simply could have added a claim to the complaint." *Howard*, 871 F.3d at 1039 (quoting *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011)). In contrast, "[i]f the harm[s] arose from different facts," then a party is not obligated to bring both claims on pain of preclusion. *Id.*

However, in *Howard v. City of Coos Bay*, the Ninth Circuit held that there is a "bright-line rule" that if a claim accrues after the filing of the operative complaint in the prior lawsuit, it cannot be claim precluded. 871 F.3d at 1040. Here, wedi's operative complaint in the '671 action was filed on June 15, 2015. ECF No. 17 in '671 action. The case was consolidated with *Hydro-Blok USA LLC v wedi GmbH, et al.*, Case No. 2:15-cv-00615 (W.D. Wash. April 17, 2015) on December 18, 2015. ECF No. 37 in '671 action at 1. From the depositions conducted in the '671 action, wedi learned that the ICC-ES advertisement was not made on the Hydro-blok website until sometime in 2018. ECF No. 134-1 at 140–41. Evidently, although similar to the IAPMO advertisement, any claim about the ICC-ES certification could not have accrued until 2018.

Defendants attempt to clarify the ruling in *Howard* by arguing that claims in the original and new lawsuits arising out of the "same transactional nucleus of facts" may override the bright-line rule. ECF No. 135 at 24. That is simply not the case here. The IAPMO and ICC-ES

"tested and certified" advertisements are similar. The ICC-ES advertisement, at least as alleged by wedi, comes out of the same testing that was done by IAPMO. However, even if ICC-ES certified Hydro-Blok products based on IAPMO's prior testing process, ICC-ES *had not done so* when the operative complaint in the '671 action was filed. The '671 court did ultimately consider issues related to the ICC-ES testing after wedi filed a supplemental brief in support of its opposition to summary judgment in the '671 action arguing that the new ICC-ES tested and certified claim was literally false because the ICC-ES had not tested the Hydro-Blok products. ECF No. 134-1 at 140–41. But *Howard*'s bright-line rule specifies the "operative complaint," which was filed years before ICC-ES certified Hydro-blok products, years before wedi learned of this advertising, and years before the ICC-ES advertisement was first brought to court. Defendants rely only on an abstracted definition of "same transactional nucleus of facts" that captures both advertisements under the umbrella of "wedi's false advertising claims." ECF No. 135 at 24. They cite no case law in support of such a broad definition. *See id.* Thus, following *Howard*, I find that, even in the light most favorable to defendants, wedi's false advertising claims stemming from the ICC-ES certified advertisement are not claim precluded. wedi's motion is granted as to defendants' claim preclusion affirmative defense.

### D. wedi is not entitled to summary judgment on defendants' other affirmative defenses.

In its motion for partial summary judgment, wedi requests that I grant summary judgment on defendants' judicial estoppel and equitable estoppel affirmative defenses but provides no argument to support its request. *See* ECF No. 134. In response, defendants argue that, without any arguments presented, wedi has not met its burden for this court to grant summary judgment on these affirmative defenses. ECF No. 135 at 25. In its reply, wedi argues that "Defendants' four Affirmative Defenses are all based on the arguments that wedi's claims are barred by res judicata and collateral estoppel" and "[i]f Defendants cannot meet their burden of showing that collateral estoppel and res judicata preclude wedi's claims here, they obviously

13

cannot show that summary judgment should not also be granted on their dependent 'judicial estoppel' and 'equitable estoppel' affirmative defenses as well." ECF No. 136 at 13 n.4.

In their counterclaim, defendants state the following regarding their judicial estoppel defense: "Plaintiff is entitled to no relief because the matters complained of and set forth in the Complaint forming the bases for its Claims against Defendants are directly contrary to the representations made by Plaintiff to this Court previously in voluntarily dismissing its false advertising claims with prejudice." ECF No. 125 at 44. They state the following regarding their equitable estoppel defense: "Plaintiff is entitled to no relief because granting the relief requested would be contrary to principles of fair play and essential justice in light of Plaintiff's previous voluntary dismissal of the same and/or substantially the same claims it previously dismissed with prejudice against Defendants and/or their privies." *Id.* These claims appear similar but not identical to the issue and claim preclusion affirmative defenses. Although they appear to rest on the same facts, each functions differently. Because wedi did not present argument as to these affirmative defenses, I deny its motion with regard to defendants' judicial estoppel and equitable estoppel affirmative defenses.

IV.     Conclusion

IT IS THEREFORE ORDERED that **all claims against defendant Hydro-Blok USA LLC are dismissed.**

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment **[ECF No. 134] is GRANTED in part and DENIED in part**. Defendants' claim preclusion and issue preclusion affirmative defenses are dismissed. However, summary judgment is denied as to defendants' judicial estoppel and equitable estoppel affirmative defenses.

IT IS FURTHER ORDERED that defendants' request for summary judgment **[ECF No. 141] is DENIED.**

IT IS FURTHER ORDERED that defendants' motion to seal **[ECF No. 151] is GRANTED.** The Clerk of Court is instructed to maintain the seal on Exhibit A, ECF No. 153.

IT IS FURTHER ORDERED that defendants' motion to strike portions of wedi's supplement **[ECF No. 160] is GRANTED in part and DENIED in part.**

Dated: April 21, 2025

_____
Cristina D. Silva
United States District Judge