UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| wedi Corp., <br><br> Plaintiff <br><br> v. <br><br> Hydroblok Grand International Ltd., et al., <br><br> Defendants | Case No. 2:23-cv-01969-CDS-BNW <br><br> Order Denying Plaintiff's Motion for Reconsideration, Denying Defendants' Motion for Rule 16 Conference Without Prejudice, and Setting Status Conference <br><br> [ECF Nos. 164, 166] |

In my previous order I described how this "appears" to be a never-ending case—this subsequent round of briefing proves it to be true. Plaintiff/counterdefendant wedi corporation sues defendants/counterclaimants Hydroblok Grand International Ltd. d/b/a Hydroblok Grand Canada ("Grand Canada"), Hydroblok Grand International Inc. d/b/a Hydroblok Grand Nevada ("Grand Nevada"), and Hydro-Blok USA LLC (collectively "defendants"), seeking to recover from defendants for (1) alleged violations of the Lanham Act (15 U.S.C. § 1125) and (2) violations of NRS 41.600, which addresses consumer fraud. Compl., ECF No. 1 at 11–12. In their amended counterclaim, defendants allege a breach of contract relating to a settlement agreement signed between wedi and several defendants—including Hydro-Blok USA—in a prior lawsuit ('671 action). Am. answer & countercl., ECF No. 125 at 58–60.[1] wedi moves for reconsideration of my order granting summary judgment to Hydro-Blok USA. ECF No. 166.[2] For the reasons explained below, I deny wedi's motion.[3]

---

[1] I disposed of the defendants' counterclaim for abuse of process in a prior order. *See* ECF No. 138 at 4–7.
[2] This motion has been fully briefed. *See* Opp'n, ECF No. 168; Reply, ECF No. 170.
[3] Defendants also move for a Rule 16 conference. ECF No. 164. This motion is fully briefed. *See* Opp'n, ECF No. 167; Reply, ECF No. 169. In this District, Rule 16 conferences are set before the magistrate judge. However, because I find that having an in-person conference regarding the status of this case and to clarify the remaining claims will assist the court and the parties in resolving this case, I deny the motion without prejudice and set the matter for a status conference.

I.   Legal Standard

The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," as long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); LR 59-1. "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." LR-59-1. "A motion to reconsider must set forth 'some valid reason why the court should reconsider its prior decision' and set 'forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision.'" *Wellman v. Dep't of Just., Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 2018 WL 1402333, at *2 (D. Nev. Mar. 20, 2018) (citing *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)).

II.  Analysis

On April 21, 2025, I granted summary judgment ("April order") against wedi on all of its claims relating to Hydro-Blok USA. ECF No. 163. In the settlement agreement in the '671 action, wedi agreed it would not bring any potential claims that it knew or should have known about at the time the settlement agreement was signed. Dec. 5, 2019 Hr'g tr., ECF No. 124-1 (sealed) at 7–8. In my March 12, 2025 order ("March order"), I stated the following:

> Based on the extensive briefing the parties have now provided on this issue (see ECF Nos. 139, 141, 146, and 147), even in the light most favorable to wedi, I find that the undisputed facts demonstrate that wedi knew or should have known that it could raise the "ICC-ES certified" false advertising claim on or before December 5, 2019.

ECF No. 149 at 18. I held off making any final determination on Rule 55(f) summary judgment as to the three defendants, ordering that the parties each brief whether Grand Canada and Grand Nevada had the right to enforce the terms of the settlement agreement, despite not being signatories. *Id.* at 28. In the March order, I confirmed that Hydro-Blok USA, as a signatory to the

settlement agreement, could undoubtedly enforce its terms. *Id.* at 27. After making clear this would be my ruling in March, in the April order, I officially held that, as a matter of law, wedi's "ICC-ES certified" claim against Hydro-Blok USA could not continue because it was barred by the settlement agreement, and granted summary judgment to Hydro-Blok USA on all of wedi's claims against it. ECF No. 163 at 4. I stated that Hydro-Blok USA was "dismiss[ed] . . . from this lawsuit." *Id.* However, I now note that for clarity, this dismissal meant only that wedi's claims against Hydro-Blok USA were dismissed—I made no rulings as to Hydro-Blok USA's counterclaim for breach of contract, and this is not dismissed if Hydro-Blok USA intends to continue to prosecute this claim.[4]

Now, wedi moves for reconsideration of my order granting summary judgment to Hydro-Blok USA, arguing that it violated Federal Rule of Civil Procedure 56(f) by failing to give wedi adequate notice and the opportunity to respond before sua sponte ordering summary judgment. *See generally* ECF No. 166. Although the briefing in this case did not follow a conventional path, I find that wedi—which has not once shied away from filing extra briefing any time it has felt the need to do so—had *more* than sufficient notice and opportunity to address these issues, and, in fact, went to great lengths to do so. Thus, wedi's motion is denied.

Rule 56(f) allows a court to "(1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own motion after identifying for the parties material facts that may not be genuinely in dispute," but only after "giving notice and an opportunity to respond." Fed. R. Civ. P. 56(f). wedi was on notice that I was considering using Rule 56(f) starting in November 2024 ("November order"), when I stated:

---

[4] To be clear, this is the result of the defendants requesting that the court use its "inherent power to grant summary judgment to dismiss the present action in its entirety." ECF No. 141 at 3. Defendants did not seek explicitly that the court grant them summary judgment on the breach of contract counterclaim, and the court did not do so.

3

> Rule 56 provides that after giving parties notice and a reasonable time to respond, a court may "consider summary judgment on its own after identifying for the parties material facts that may not genuinely be in dispute." Fed. R. Civ. P. 56(f)(3); *see Hybrid Int'l, LLC v. Scotia Int'l of Nevada, Inc.*, 2022 U.S. Dist. LEXIS 210406, at *5–6 (D. Nev. Nov. 21, 2022). If wedi is unable to adequately explain why it did not address the "ICC-ES certified" question in the Washington case, I will consider whether summary judgment on its claims is in order.

ECF No. 138 at 10.[5] I then not only gave wedi the opportunity to address this issue directly, I ordered it to do so. *Id.* ("wedi is therefore ordered to show cause why it did not have an opportunity to litigate this issue in the Western District of Washington. Defendants will have the opportunity to respond.").

In their briefing on the present motion, the parties debate what I meant in my November order by "its claims": whether—as wedi argues—I was referring to granting summary judgment to the defendants on their affirmative defenses or—as defendants argue—I was referring to granting summary judgment to the defendants on their breach of contract counterclaim. *See* ECF No. 166 at 5; ECF No. 168 at 4–5. First, the defendants' interpretation is completely untenable because by stating "its claims," the only party I could have been referring in this lawsuit—between a singular plaintiff and plural defendants—was wedi. Thus, interpreting this statement as "I will consider whether summary judgment on [defendants'] claims is in order" is nonsensical. However, wedi's purported interpretation of this sentence is overly restrictive in the context of this case.

One of the central questions involved in this litigation has been whether, in voluntarily dismissing its prior lawsuit in federal court in Washington, wedi had a full and fair opportunity to litigate the "ICC-ES certified" claim previously. *See* ECF No. 138 at 9–10. One component in answering this question is whether wedi knew or should have known that the "ICC-ES certified" issue existed when it stopped litigating the Washington case. In response to my order

---

[5] wedi tries to argue in its reply that this was included in an order on a motion to dismiss. *See* ECF No. 170 at 6 n.1. Although true, I cannot fathom a way in which I could have been clearer that in this discussion of Rule 56(f), I was talking about sua sponte summary judgment.

4

to show cause, wedi acknowledged this very point: "wedi *therefore learned* in April 2021 that the 'ICC-ES certified' claim—which had not been part of the Washington Action—was false . . . ." ECF No. 139 at 4 (emphasis added). This is indeed relevant to the claim and issue preclusion affirmative defenses, but this same question is also central to the '671 settlement agreement, which barred any claims of which parties to it had knowledge, or should have had knowledge, at the date of the settlement's ratification. ECF No. 124-1 (sealed) at 7–8. This is the context in which I wrote: "If wedi is unable to adequately explain why it did not address the 'ICC-ES certified' question in the Washington case, I will consider whether summary judgment on its claims is in order." ECF No. 138 at 10. Thus, wedi cannot in good faith claim that the March order blindsided it.

Further, wedi extensively discussed the "knew or should have known" question in its briefing. In its motion for partial summary judgment, wedi argued that:

> Defendants must show that wedi knew or should have known that Defendants' "Hydro-Blok Products are ICC-ES certified" claim was false and that wedi therefore had a cause of action for false advertising on this claim when the operative complaints were filed in the Washington Action in 2015 and 2016. This Defendants cannot do because Defendants did not start making the claim until sometime in 2018 and *wedi did not learn of the claim and its falsity until much later*.

ECF No. 134 at 16–17 (emphasis added). It argued in its reply that:

> Not only have Defendants failed to establish a genuine dispute as to any material fact regarding when wedi's claims herein accrued, they admit that wedi did not learn of the falsity of the "ICC-ES certified" claim until after the reversal of the summary judgment by the Ninth Circuit on the "ICC-ES tested" claim in 2021.

ECF No. 136 at 3–4. Then, in its supplemental brief in support of its motion for partial summary judgment (doubling as its response to the court's order to show cause), wedi argued even more explicitly that:

> wedi subsequently appealed the Washington Court's grant of summary judgment on its false advertising claims, including the "ICC-ES tested" claim. While the case was on appeal, wedi learned through the Washington Defendants' Answering Brief filed October 19, 2020, that the Hydro-Blok products tested on which the ICC-ES certification was issued in 2018 were only prototypes. On March 19, 2021, the Ninth Circuit issued its Memorandum affirming the grant of summary judgment on wedi's false advertising claims except for the "ICC-ES tested" claim, which it reversed and remanded to the Washington Court for further proceedings. On April 13, 2021, wedi learned that the ICC-ES's practices and standards do not allow it to certify products based on the testing of prototypes; certification can only be based on final production samples.
>
> wedi therefore learned in April 2021 that the "ICC-ES certified" claim—which had not been part of the Washington Action—was false because "ICC-ES certified" necessarily implies that the Hydro-Blok products being sold were certified by the ICC-ES in accordance with its standards and practices but in this case ICC-ES certification was deceptively obtained based on the testing of Hydroblok prototypes and not final production samples as required by the ICC-ES.

ECF No. 139 at 3–4 (citations omitted). After seeking an opportunity to reply to the defendants' response to its supplement, wedi argued that it "only learned those facts on appeal in 2020 and after the case was remanded in 2021, and Defendants have only now admitted that the samples tested by IAPMO were in fact prototypes." ECF No. 146 at 6.

It was this briefing, as well as the dozens of documents attached by both parties to their respective filings, that I relied on in my March order finding that, even in the light most favorable to it, wedi should have known about the "IAPMO certified" issue before the settlement agreement was signed. Making it as clear as possible, I provided an extensive four-page timeline laying out the facts as the undisputed exhibits attached to the parties' filings demonstrated. *See* ECF No. 149 at 19–22. In that order, though, I did not determine with finality that summary judgment was warranted, requiring that the parties "submit briefs . . . for the limited purpose of determining whether Hydroblok Grand International Inc. and Hydroblok Grand International Ltd., despite not being parties to the December 5, 2019 settlement agreement, can enforce its terms." *Id.* at 28. The order also made clear that I had no more findings to make regarding Hydro-Blok USA, as it was a party to the '671 settlement agreement. *Id.* at 27. I did not forbid the filing

of other briefing. Both parties submitted their supplements (*see* ECF Nos. 150, 156), and then the defendants filed a motion to strike (ECF No. 160), for which wedi submitted a response (ECF No. 161). I docketed my ultimate order on April 21, 2025, more than a month after the March order. *See* ECF No. 163.

Thus, viewing the record in this case, I cannot take seriously wedi's assertion that it never received adequate notice or opportunity to brief the issues that predicated my Rule 56(f) sua sponte granting of summary judgment. First, it was arguably on notice starting with the November order on the motion to dismiss, when I explicitly pointed to utilizing Rule 56(f) if wedi was "unable to adequately explain why it did not address the 'ICC-ES certified' question in the Washington case . . . ." ECF No. 138 at 10. However, even taking wedi at its word that this was not sufficient notice, the March order, in which I left patently clear that I was preparing to grant Rule 56(f) summary judgment—but, for the time being, was refraining from doing so— gave wedi the notice it needed to seek an opportunity to respond with any additional information it might have wanted to. In all of its briefing, in this case and in previous ones, wedi has never shied away from filing motions seeking an opportunity to make additional arguments. In this case, it has filed a surreply (ECF No. 106), moved for leave to reply (ECF No. 143), and, instead of merely responding to the court's show cause order, used the opportunity to supplement its motion for partial summary judgment (ECF No. 139). And this continued a pattern from the previous lawsuit when, in a consequential move that precipitated the voluntary dismissal, wedi asked the '671 court to modify the scheduling order to reopen discovery for it to investigate the "ICC-ES" advertising claims further. ECF No. 341 in '671 action.[6] There is a clear pattern showing that wedi, when faced with rulings or argument it disapproves of, has consistently sought to brief its issues further. It did not do that here, despite receiving at least over one month to do so.[7]

---

[6] Case No. 2:15-cv-00671, ECF No. 341 (W.D. Wash.).
[7] This is assuming, arguendo, that the November order did not give wedi sufficient notice, which I believe it did.

7

I ordered that the parties brief whether Grand Canada and Grand Nevada could enforce the terms of the settlement agreement but did not prevent wedi from either making additional motions or filing supplemental briefing on the issue of summary judgment of its claims regarding Hydro-Blok USA. *See* ECF No. 149 at 27–28 ("I order the parties to submit briefs no longer than five pages by March 27, 2025 for the limited purpose of determining whether Hydroblok Grand International Inc. and Hydroblok Grand International Ltd., despite not being parties to the settlement agreement, can enforce its terms."). The Rule 56(f) requirement does not require that I explicitly tell a party that it has permission to respond once it receives notice that I am contemplating sua sponte granting summary judgment. As defendants aptly explain in their response to this motion, "[n]othing in the law requires that the Court direct Plaintiff to marshal all its evidence. It is incumbent upon Plaintiff, once notified that summary judgment is at issue, to come forward with its evidence in opposition." ECF No. 168 at 6–7 (citing Fed. R. Civ. P. 56(d)). With plenty of time and a history of this court accepting its supplemental filings (*see, e.g.*, ECF No. 145), wedi faced no barriers in submitting additional briefing and evidence if it felt that Rule 56(f) summary judgment was not warranted.

"After giving notice and a reasonable time to respond, the court may . . . (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). In my March order, I took great pains to set out the factual record as clearly as possible demonstrating that, even in the light most favorable to wedi, it *should have been* on notice that it could raise the "ICC-ES certified" issue before signing the '671 settlement agreement. *See* ECF No. 149 at 19–22, 24–27. As described in this order, I gave wedi notice and reasonable time with which to address any objections it may have had prior to finalizing my decision on the matter. Therefore, I do not find that reconsideration of my order is warranted.

**III. Conclusion**

IT IS THEREFORE ORDERED that wedi's motion for reconsideration **[ECF No. 166] is DENIED.**

IT IS FURTHER ORDERED that defendants' motion for a Rule 16 conference **[ECF No. 164] is DENIED** without prejudice. However, the court sets a status conference on August 14, 2025, at 10:00 a.m. in LV Courtroom 6B.

Dated: July 21, 2025

_____
Cristina D. Silva
United States District Judge